IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMEEDAH E. JOHNSON, Plaintiff, | § § § | |
| v. | § | No. 3:26-cv-2636-S-BW |
| ROCKET MORTGAGE, LLC, et al., Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 10, 2026, Plaintiff Ameedah E. Johnson, proceeding pro se, filed an Emergency Motion to Extend Temporary Restraining Order ("TRO Motion"), seeking to extend a state court temporary restraining order enjoining Defendants from proceeding with a foreclosure sale. (Dkt. No. 3 ("Mot.").) By reference order dated August 11, 2026, this case has been referred to the undersigned United States magistrate judge. (*See* Dkt. No. 7.)

Based on the relevant filings and applicable law, the undersigned recommends that the emergency TRO motion (Dkt. No. 3) be **DENIED**.

## I. BACKGROUND

On July 15, 2026, Plaintiff filed an Original Petition, Emergency Application for Emergency Temporary Restraining Order, and Application for Temporary Injunction (the "Petition") in the 439th Judicial District Court of Rockwall County, Texas, styled *Ameedah E. Johnson v. Rocket Mortgage, LLC (f/k/a Quickly Loans, LLC) s/b/m Nationstar Mortgage LLC d/b/a Mr. Cooper; Federal National Mortgage Association (Fannie Mae); Home Tax Solutions, LLC; and McCalla Raymer Leibert Pierce, LLP*, Case 1-26-1263 (the "State Court Action"). (*See* Dkt. No. 1-5 (Petition ("Pet.").)

Plaintiff asserts claims relating to a home loan, secured by the real property located at 2845 Lampasas Drive, Royse City, Texas (the "Property"), which Plaintiff alleges is her homestead. (Pet. ¶¶ 8–18.) Plaintiff alleges that Defendant Rocket Mortgage, LLC ("Rocket") inflated her escrow shortage by over-disbursing property taxes, failing to pay her hazard insurance premium, force-placing insurance, and assessing foreclosure-related legal fees. (Pet. ¶¶ 13, 16.) Plaintiff further alleges that Rocket improperly pursued foreclosure while her loss mitigation submission remained under review. (Pet. ¶¶ 14–18.) Plaintiff also alleges that Defendant Home Tax Solutions, LLC ("Home Tax Solutions") initiated foreclosure activity on a property tax loan while demanding a payoff that included unauthorized post-closing fees, disputed foreclosure-related charges, and allegedly improper treatment of deferred interest. (Pet. ¶¶ 18A–18I.)

Based on these allegations, Plaintiff asserts claims for breach of contract, "unlawful foreclosure initiation and unauthorized post-closing fees" pursuant to the Texas Finance Code and Texas Administrative Code, wrongful foreclosure, and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1024.41; Regulation X, 12 C.F.R. § 1024.37; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g; and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.304(a)(8). (Pet. ¶¶ 19–23d.) Plaintiff seeks an order requiring Rocket to: (1) correct the escrow account; (2) allow Plaintiff 120 to 180 days to sell the Property; (3) review and consider Plaintiff's short sale request in good faith; (4) restore online access to Plaintiff's account; and (5) provide Plaintiff with a full accounting. (Pet. at Prayer ¶ 4.)

As to Home Tax Solutions, Plaintiff seeks an order (1) prohibiting foreclosure and assessment or collection of additional post-closing fees and foreclosure-related charges;

(2) requiring a corrected, fully itemized payoff statement that removes post-closing charges; and (3) treating deferred interest as a "one-time, non-interest-bearing amount due upon lawful payment consistent with the OCCC disclosure." (Pet. at Prayer ¶¶ 6–7.)

Plaintiff further seeks statutory and treble damages and permanent injunctive relief. (Pet. at Prayer ¶¶ 5, 9.)

Plaintiff sought a temporary restraining order and temporary injunction at the time she filed the State Court Action, (*see* Dkt. No. 1-10), and on July 29, 2026, the state court entered an order granting a temporary restraining order and setting a hearing for August 10, 2026 (*see* Dkt. No. 1-15 (the "State Court TRO")). The State Court TRO restrained Defendants from (among other things) "conducting or completing any foreclosure sale of [the Property], including the sale set for August 4, 2026, under either lien." (State Court TRO at ECF p. 3.) The State Court TRO expired by its own terms at 1:16 p.m. on August 12, 2026. (*Id.* at ECF p. 4.)

On August 7, 2026, Defendants Rocket and Federal National Mortgage Association ("Fannie Mae") (collectively, the "Removing Defendants"), filed a Notice of Removal to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff alleges violations of RESPA, Regulation X, and the FDCPA (*see* Pet. ¶¶ 20–21, 23a–23d.) (Dkt. No. 1 (the "Notice") ¶ 11.) Removal was timely because it occurred within 30 days of Defendants' receipt of the Petition, through service or otherwise. (*Id.* ¶ 7.) *See* 28 U.S.C. § 1446(b). Defendants Home Tax Solutions and McCalla Raymer Leibert Pierce, LLP ("McCalla Raymer") consented to the removal. (*Id.* ¶ 8.)

Plaintiff filed the present TRO motion on August 10, 2026, and concurrently filed a Motion to Remand (Dkt. No. 4), which is not yet ripe. Plaintiff requests this Court, "before

1:16 p.m. on August 12, 2026," to either rule on the Motion to Remand or extend the State Court TRO. (Mot at ECF p. 4.)

## II. DISCUSSION

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up). But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain a TRO or preliminary injunction, Plaintiff must establish that (1) she is likely to succeed on the merits of her claims, (2) there is a substantial threat of irreparable injury if the Court does not grant the relief requested, (3) the threatened injury outweighs any harm that will result from granting the injunction, and (4) the grant of injunctive relief will not disserve the public interest. *Clark v. Bank of Am. NA*, No. 3:12-CV-1277-N-BK, 2012 WL 4795597, at *1 (N.D. Tex. Sept. 7, 2012) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)), *accepted*, 2012 WL 4793439 (N.D. Tex. Oct. 9, 2012).

"Courts in this circuit have made clear that preliminary injunctions and TROs constitute 'extraordinary and drastic remedies,' which are 'not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Calhoun v. Stearns Lending, LLC*, No. 4:19-CV-55-ALM-CAN, 2019 WL 12373472, at *1 (E.D. Tex. Mar. 25, 2019) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)) (brackets omitted); *see also Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) ("This court

has repeatedly cautioned that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements.") (internal citations and quotation marks omitted).

Since an absence of plausible claims precludes a finding of substantial likelihood of success on the merits of those claims, the undersigned looks to Plaintiff's Petition to examine the sufficiency of her allegations to determine if plausible causes of action have been alleged. *Texas Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012) (citing *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir.2003) (noting an "absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law").

A pro se complaint need not contain detailed factual allegations—just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of

statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

As noted above, Plaintiff asserts claims for breach of contract, "unlawful foreclosure initiation and unauthorized post-closing fees" under Texas law, wrongful foreclosure, and statutory violations of RESPA, Regulation X, the FDCPA, and the TDCA. (Pet. ¶¶ 19–23d.) But Plaintiff's Petition offers only conclusory statements, mere labels, and legal conclusions which lack the factual content necessary to reasonably infer that her claims are facially plausible. Because many of Plaintiff's claims fail on their face, she fails to unequivocally demonstrate a substantial likelihood that she will prevail on the merits.

For example, as to breach of contract, Plaintiff alleges a breach of Paragraph 22 of the Deed of Trust, because Defendant McCalla Raymer accelerated the note without providing the required 30-day opportunity to cure her default. (*See* Pet. ¶ 19.) But Plaintiff's own allegations suggest that she was provided multiple opportunities to cure well before the note was accelerated. (*See, e.g.*, Pet. ¶¶ 16–14.) Furthermore, Plaintiff's breach of contract claim fails for various other reasons. The essential elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract between the plaintiff and defendant, (2) the plaintiff performed or tendered performance of its own obligations, (3) the defendant breached the contract, and (4) the plaintiff's damages as a result of the breach. *See James M. Clifton, Inc. v. Premillenium*, Ltd., 229 S.W.3d 857, 859 (Tex. App.—Dallas 2007, no pet.); *see also Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004).

Damages are a fundamental element of a Texas breach of contract claim. *See S&S Emergency Training Sols., Inc.*, 564 S.W.3d 843, 848 (Tex. 2018). In this instance, Plaintiff has failed to set forth any specific allegations regarding damages with respect to her breach of contract claim. (S*ee generally* Pet.) The Petition states in conclusory fashion that Plaintiff is "entitled to actual damages and statutory damages for [Defendants'] servicing violation," but she does not state the nature of such damages. (*See* Pet. ¶ 23d.) Furthermore, in the absence of an actual foreclosure sale, the alleged failure to provide—or any alleged defects in—contractually required pre-foreclosure notices could not have damaged Plaintiff in any way. *See Trieger v. Ocwen Loan Servicing, LLC*, No. 3:19-CV-00100-L, 2019 WL 3860689, at *6 (N.D. Tex. Aug. 15, 2019) (dismissing breach of contract claim under Rule 12(b)(6) where "Defendants argue, and the record so reflects, that there has been no foreclosure with respect to the Property"); *Balch v. JP Morgan Chase Bank, NA*, No. 3:14-CV-3666-M, 2015 WL 1592386, at *3 (N.D. Tex. Apr. 8, 2015) (dismissing breach of contract claim because "potential foreclosure is an insufficient basis for compensatory damages").

Moreover, it is a well-recognized principal of Texas law that "a party to a contract who is in default cannot maintain a suit for breach of contract." *Sproul v. Sasser*, Case No. 08-CV-00502, 2009 WL 2232240, at *3 (Tex. App.—Dallas Jul. 28, 2009, no pet. h.); *RE/MAX of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940) ("It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach."). Here, Plaintiff admits that she has defaulted on her contractual obligation to make monthly payments on the loan. (*See* Pet. ¶ 11 ("Over the past several years, Plaintiff has experienced compounding caregiving and financial hardships."); Pet. ¶ 14 ("Plaintiff made continuous,

good-faith efforts to resolve the delinquency[,]" and "[o]n April 28, 2026, she requested a six-month forbearance."); Pet. ¶ 15 ("On May 5, 2026, Rocket Mortgage denied loan modification options but approved Plaintiff for non-retention liquidation option (Short Sale and Deed-in-Lieu)." For all these reasons, Plaintiffs cannot establish a likelihood of success on the merits under a breach of contract theory.

Next, Plaintiff's FDCPA fails on its face because the Petition does not assert that Rocket (or any of the defendants) is a debt collector. (*See generally* Pet.) There are two categories of debt collectors: those who collect debts as the "principal purpose" of their business, and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008)). Notably, the FDCPA exempts from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F). Pursuant to this exception, courts have concluded that "[t]he term 'debt collector' does not include lenders[,] . . . the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JPMorgan Chase*, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)). Thus, neither Rocket (nor any of the other defendants) is a debt collector as defined by the FDCPA.

And even if Rocket were to be considered a debt collector under the FDCPA, foreclosure proceedings are not debt collection activities under the statute. *See Iroh v. Bank of America*, Case No. 15-cv-1601, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015) *aff'd*, 730 Fed. Appx. 236 (5th Cir. 2018); *see also Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007)

("[O]ur court has at least implicitly recognized that a foreclosure is not per se FDCPA debt collection."). In any event, as explained above, because Plaintiff appears to admit that she is in default, Rocket is permitted to exercise the right of foreclosure. Thus, Plaintiff's FDCPA claim is meritless.

Plaintiff also has not pleaded plausible violations of Texas law. Plaintiff first fails to allege that a foreclosure has occurred, a necessary element for a wrongful foreclosure claim. Under Texas law, to succeed on a wrongful foreclosure claim, the plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Implicit in this standard is a requirement that a foreclosure sale take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure." (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011))).

Plaintiff's remaining claims fare no better. Even given the most generous construction, Plaintiff's claims fail to demonstrate a likelihood of success on the merits. Because Plaintiff failed to show that her claims are substantially likely to succeed on the merits, the undersigned need not examine the additional elements required to obtain preliminary injunctive relief. *See Parcha v. Cuccinelli*, No. 4:20-CV-015-SDJ, 2020 WL 607103, at *15 (E.D. Tex. Feb. 7, 2020) (citing *Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 772 (5th Cir. 2007) (Because the plaintiffs "have failed to show that they have a 'substantial likelihood' of success on the merits," the court resolved that its "inquiry ends here")).

## III. RECOMMENDATION

For the foregoing reasons, the District Judge should **DENY** Plaintiff's Emergency Motion to Extend Temporary Restraining Order. (Dkt. No. 3.)

**SO RECOMMENDED** on August 14, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).