IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMEEDAH E. JOHNSON,<br>Plaintiff, | §<br>§ | |
| | § | |
| v. | § | No. 3:26-CV-2636-S-BW |
| | § | |
| ROCKET MORTGAGE, LLC, et al.,<br>Defendants. | §<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Ameedah E. Johnson's Amended Motion to Remand and Brief in Support filed on August 11, 2026. (Dkt. No. 10.) Johnson filed two declarations in support of her amended motion. (Dkt. Nos. 11, 12.) Defendants Rocket Mortgage, LLC, Federal National Mortgage Association ("Fannie Mae"), Home Tax Solutions, LLC, and McCalla Raymer Leibert Pierce, LLP ("McCalla Raymer") filed a notice of consent to removal on August 27. (Dkt. No. 24.) Defendants have not otherwise filed a response to the motion, and the time to file a response to the motion has passed. *See* N.D. Tex. L. Civ. R. 7.1(e).

For reasons that follow, the undersigned magistrate judge recommends that the District Judge deny Johnson's amended motion to remand.

[1] This pro se action was automatically referred to the undersigned magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt. No. 7.)

## I. BACKGROUND

This lawsuit arises out of an anticipated foreclosure of residential property at 2845 Lampasas Drive in Royse City, Texas (the "Property"). On July 15, 2026, Johnson filed a petition and emergency application for injunctive relief in the 439th Judicial District Court of Rockwall County, Texas. (*See* Dkt. No. 1-4 at 2; Dkt. No. 1-5.) She alleges that she executed a promissory note in July 2022 in the amount of $398,620 secured by a Deed of Trust granting a security interest in the Property. She subsequently encountered financial difficulties and avers that, in early 2026, errors by the mortgage servicer had cascading consequences that included an overpayment of property taxes, cancelation of an insurance policy, and forced charges for an alternate insurance policy. (*See* Dkt. No. 1-5 ¶ 13.) These additional charges inflated Johnson's escrow shortage and nearly doubled her monthly mortgage payment to an unsustainable amount. (*See id.*) Foreclosure proceedings ensued. Johnson asserts claims that include breach of contract and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1024.41; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.304(a)(8); and Regulation X, 12 C.F.R. § 1024.37. She requests court orders preventing foreclosure and giving her time to sell the Property, among other things.

On August 7, Defendants Rocket Mortgage and Fannie Mae filed a notice of removal based on the Court's federal question jurisdiction under 28 U.S.C. § 1331.

(*See* Dkt. No. 1 at 4.) In its notice, these Defendants represented that the two other Defendants, Home Tax Solutions and McCalla Raymer, consented to removal. (*Id.* at 3 ¶ 8.)

In her amended motion to remand, Johnson alleges that removal was procedurally defective under 28 U.S.C. § 1446(b). Specifically, she contends that, although the notice of removal represented that Home Tax Solutions and McCalla Raymer consented to removal, there was no evidence in the record sufficient to reflect their consent. As noted, Defendants have not filed a response to the motion to remand except to file, on August 27, a notice of consent to removal signed by counsel for each of the Defendants, including Home Tax Solutions and McCalla Raymer. (Dkt. No. 24.) In her certificate of conference, Johnsons asserts states *the original* motion, which she filed on August 10, was filed on an emergency basis without any conference with Defendants. (Dkt. No. 10 at 9.)[2]

## II. LEGAL STANDARDS AND ANALYSIS

When, as here, a case is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The "rule of unanimity," as it is

[22] The undersigned places Johnson notice that the certificate of conference is deficient and that a failure to meaningfully confer as required by N.D. Tex. L. Civ. R. 7.1(a) in the future may result in the denial of requested relief. Filing the motion and requesting expedited review did not relieve Johnson of her obligation to confer, and she did not explain why it was not possible to confer, particularly before filing the amended motion the day after the original motion. *See* N.D. Tex. L. Civ. R. 7.1(b)(3).

called, "requires that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

Johnson's motion, filed four days after Rocket Mortgage and Fannie Mae removed the action, points out that neither Home Tax Solutions nor McCalla Raymer signed the notice of removal or provided a signed consent attached to the notice of removal. The record reflects that, by the time of removal, these defendants had been served, and Defendants do not argue otherwise. (*See* Dkt. Nos. 1-16, 1-17.) Nor do Defendants dispute that all of the Defendants were "properly joined." *See* 28 U.S.C. § 1446(b)(2)(A). So, Johnson's motion raised a valid point at the time it was filed. *See Getty Oil*, 841 F.2d at 1261 n.11 (explaining that consent must be evidenced by "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so" and that a representation by another party in the notice of removal is inadequate); *see also Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-CV-1773-M, 2012 WL 5355958, at *2 (N.D. Tex. Oct. 30, 2012) ("In the Fifth Circuit, a removing defendant's mere representation that the remaining defendants have consented does not, by itself, satisfy § 1446(b)(2)(A)."). But, on August 27, all Defendants—including Home Tax Solutions and McCalla Raymer—timely filed a consent to removal. (Dkt. No. 24.) *See Powers*, 783 F.3d at 576 (rejecting assertion of

defective removal where a defendant "did not sign the removal petition" but "subsequently filed written consent to removal within thirty days of service of the state-court petition"). The procedurally defective removal was timely cured, and Johnson's motion should be denied. *See Weatherspoon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. CV 17-98-SDD-RLB, 2017 WL 2486363, at *3 (M.D. La. May 19, 2017) (concluding timely consent cured "unanimity rule" defect), *accepted*, 2017 WL 2485226 (M.D. La. June 8, 2017).

## III. RECOMMENDATION

The undersigned magistrate judge **RECOMMENDS** that the District Judge DENY Johnson's amended motion to remand (Dkt. No. 10).

**SO RECOMMENDED** on September 14, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).